UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 18-118 |
| v. | * | SECTION "F" (1) |
| WILLIAM MCGINNESS | * | |

\*\*\*\*\*\*\*

## FACTUAL BASIS

Defendant William McGinness ("McGinness") has agreed to enter a plea of guilty to counts one and four of a five count indictment filed on May 31, 2018. He will plead to count one, conspiracy, 18 U.S.C. § 371 and count four, knowingly submitting a false record of wildlife that was intended to be transported in foreign commerce, in violation of the Lacey Act, 16 U.S.C. §§ 3372(d)(2) and 3373(d)(3)(A). Were this matter brought to trial, the United States would prove, through competent witnesses and documentary evidence, the following facts beyond a reasonable doubt:

1. On January 13, 2015, McGinness purchased 10 Yellow-crowned parrots ("*Amazona ochrocephala*") from a United States Fish and Wildlife ("USFWS") Special Agent posing as a bird dealer.

2. On January 31, 2015, McGinness bought CITES-protected exotic birds from a co-defendant. During the sale, McGinness asked, and the co-defendant agreed, to sign a false breeder's certificate prepared by McGinness which certified that the co-defendant sold all birds listed on the breeder's certificate to McGinness, and that he raised and hatched all birds listed on the breeder's certificate, when in fact he had not.

AUSA *[initials]*
Defendant *[initials]*
Defense Counsel *[initials]*

3. On or about February 5, 2015, McGinness bought CITES-protected exotic birds from a second co-defendant. During the sale, McGinness asked, and the co-conspirator agreed, to sign a false breeder's certificate which stated that co-defendant two had sold all birds listed on the breeder's certificate to McGinness and that he raised and hatched all birds listed on the breeder's certificate, when in fact he had not.

4. On February 11, 2015, McGinness submitted a CITES export permit application by mail to USFWS in Falls Church, Virginia, that falsely listed the address of Bill's Birds as 78490 Church Street, Falsom, Louisiana, 70437. In support of the permit application, he included the false breeders' certificates he obtained from co-defendants one and two.

5. On or about February 10, 2015, after learning of a 2015 Taiwanese moratorium banning imports of all birds from California, McGinness began searching for a port outside of California from which he could export birds to Taiwan.

6. On June 1, 2015, McGinness sent an email to a third co-defendant in which he inquired about having a shipment of birds exported out of the New Orleans airport to Taiwan in June or July 2015. On June 3, 2015, McGinness sent co-defendant three an email in which he stated that his "EIN is out of ca," and listed the address as Bill's Birds, 7641 Haldor Place, Buena Park, California, 90620, but stated "New Orleans office address all the shipping paperwork (airbill ect) needs to say: Bills Birds, 78490 Church Road, Folsom, la, 70437..."

7. Between June 1, 2015 and at least July 13, 2015, McGinness emailed and spoke to the third co-defendant and his assistant by telephone on numerous occasions. On June 4, 2015, McGinness emailed co-defendant three's assistant, informing her that his business was not registered in Louisiana and asking for the assistant's help if he needed to register in Louisiana.

AUSA 
Defendant
Defense Counsel

8. From on or about June 4, 2015 until at least July 13, 2015, McGinness sent emails to co-defendant three and his assistant, which contained information about the birds that were to be exported to Taiwan, including CITES Export Permit number US59064B/9. Many of the documents contained the false address of 78490 Church Road, Falsom, Louisiana, 70437. The information and documents were used by co-defendant three and his assistant to prepare the Export Declaration Form for McGinness' illegal shipment of 86 CITES-protected bird to Taiwan.

9. On or about July 12, 2015, McGinness asked a fourth co-defendant, a veterinarian, to sign a Veterinary Health Certificate for the Export of Birds from the United States to Taiwan. The health certificate contained false information, including but not limited to, a false Louisiana address and a false certification that the birds had been quarantined for the requisite 21 days. USFWS requires the health certificate for all live birds exported from the United States.

10. On or about July 12, 2015, McGinness sent avian influenza samples for 20 of the 90 birds he planned to ship to Taiwan to a laboratory in Columbia, Missouri for testing for avian influenza. McGinness took the samples from the birds but indicated on the paperwork that the co-conspirator veterinarian had taken the samples.

11. On or about July 12, 2015, McGinness hand-delivered the false health certificate and the test results for the avian influenza tests of the 20 birds to the United States Department of Agriculture for approval.

12. On July 14, 2015, McGinness and co-defendant four submitted a 48-hour notice to the USFWS which provided notice that McGinness' bird shipment would be would be exported from the Port of New Orleans to Taiwan within 48 hours.

3

AUSA 
Defendant
Defense Counsel

13. On or about July 17, 2015, McGinness mis-labeled two shipping boxes containing Scarlett Macaws (CITES Appendix I species), as Harlequin Macaws (CITES Appendix II species), and one shipping box containing a Great Green Macaw, (CITES Appendix I species) as a Harlequin Macaw, (CITES Appendix II species).

14. On or about July 19, 2015, McGinness called co-defendant three to inform him that he was leaving his residence in California and traveling to New Orleans with the bird shipment. On July 19, 2015, McGinness left his Buena Park, California residence, driving a white van which contained approximately 86 live birds. He arrived at co-defendant three's place of business in Kenner, Louisiana at eleven p.m. on or about July 20, 2015.

15. On or about July 21, 2015, in Kenner, Louisiana, McGinness caused co-defendant three to submit a USFWS Declaration for Importation or Exportation of Fish or Wildlife Form ("Declaration Form"), which contained a false Louisiana address 78490 Church Road, Falsom, Louisiana, as McGinness' place of business, to a USFWS Special Agent.

16. On or about July 21, 2015, during USFWS's inspection of some of the birds at co-conspirator three's place of business, McGinness told a USFWS agent that the birds were quarantined in Louisiana for 21 days, when he knew they were not.

17. On or about July 21, 2015, McGinness and co-defendant three caused the birds to be transported by truck, from the Eastern District of Louisiana to the China Airlines cargo facility at the George Bush International Airport in Houston, Texas, for export to Taiwan. In addition to the 86 birds, the shipment included corresponding export paperwork, including but not limited to the Declaration Form and CITES permit number US509064B/9.

4


AUSA _____
Defendant _____
Defense Counsel _____

18. Eight of the birds that McGinness and co-conspirator three shipped to Houston were Yellow-crowned parrots ("*Amazona ochrocephala*") that McGinness had purchased from an under-cover USFWS agent on January 13, 2015. McGinness submitted a false breeder's certificate to USFWS as part of his permit application that certified that these yellow-crowned parrots were purchased from co-defendant one on January 31, 2015.

19. A USFWS Special Agent inspected all of the birds at the China Airlines cargo facility at the George Bush International Airport in Houston, Texas. He found that three CITES Appendix I macaws were mis-labeled as CITES Appendix II macaws. The agent seized 14 of the birds and the remaining birds were exported to Taiwan.

READ AND APPROVED:

_Melissa Bücher for Mary Dee Carraway_ 12/10/19
MARY DEE CARRAWAY
Trial Attorney, U.S. Dept. of Justice, ENRD

_Melissa Bücher_ 12/10/19
MELISSA E. BÜCHER
Assistant United States Attorney

_Robert Toale_ 12/9/19
ROBERT TOALE
Attorney for Defendant

_William Mc Ginness_ 12-9-19
WILLIAM MCGINNESS
Defendant

5